IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID L. BELL, 11081574, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:12-CV-3970-O |
| ) | |
| NFN ABRAHAM and JAIL SUPERVISOR, ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined in the Dallas County Jail. Defendants are Dallas County Jail employees officer Abraham and the John Doe shake-down Supervisor. The court has not issued process in this case, pending preliminary screening.

Statement of Case: Plaintiff states Officer Abraham conducted a shake-down of his cell and threw away Plaintiff's partial dental plate. Plaintiff states he tried to inform the shake-down Supervisor that his dental plate was missing, but the supervisor ignored him. Plaintiff seeks replacement of the dental plate.

Screening: A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

Discussion:  The Supreme Court has held that the unintentional loss of property does not state a cause of action under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).  Where mere negligence is involved in causing a deprivation or damage to property, no procedure for compensation is constitutionally required.  *Id.*  Therefore, insofar as Plaintiff's claim for loss of his personal property is grounded on negligence, it lacks an arguable basis in law and should be dismissed as frivolous.

To the extent Plaintiff alleges an intentional deprivation, his claim is barred by the *Parratt/Hudson* doctrine.  *See Hudson v. Palmer,* 468 U.S. 517, 534-35 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543 (1981) (*overruled in part not relevant here, Daniels v. Williams,* 474 U.S. 327 (1986)).  According to this doctrine, a negligent or even an intentional deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy.  *See Hudson,* 468 U.S. at 533-34; *see also Stotter v. University of Texas at San Antonio,* 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine).

It is well established that Texas state administrative and judicial systems provide an adequate post-deprivation remedy for inmates whose property has been taken or destroyed improperly. *See* Tex. Gov. Code § 501.007 (authorizing TDCJ to award up to $500 on claims that TDCJ-CID lost or damaged an inmate's personal property) and § 501.008 (establishing an inmate grievance system); *see also Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement [of an adequate post-deprivation remedy]"). Thus, the appropriate forum for Plaintiff's property loss claim lies in state court or in the administrative procedures of TDCJ rather than federal court. *Thompson v. Steele,* 709 F .2d 381, 383 (5th Cir. 1983).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous and/or for failure to state a claim. *See* 28 U.S.C. §§ 1915A(b)(1), and 1915(e)(2)(B)(i) and (ii).

Signed this 14th day of November, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).